No. 24-10339

# In the
# United States Court of Appeals
# for the Fifth Circuit

ERIC ELLIS,

*Plaintiff-Appellant*

v.

CARGILL MEAT SOLUTIONS;

ULTIMATE KRONOS GROUP

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Trial Court Civil Action No. 4:22-CV-864-Y

## BRIEF OF APPELLEE
## CARGILL MEAT SOLUTIONS

Samantha Rollins Murphy
Kristen L. Perry
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
(612) 766-7000
(612) 766-1600 – Facsimile
samantha.rollinsmurphy@faegredrinker.com
kristen.perry@faegredrinker.com

COUNSEL FOR DEFENDANT-APPELLEE

CARGILL MEAT SOLUTIONS

No. 24-10339

# In the
# United States Court of Appeals
# for the Fifth Circuit

ERIC L. ELLIS,
*Plaintiff-Appellant*

v.

CARGILL MEAT SOLUTIONS
AND UKG (ULTIMATE KRONOS GROUP),
*Defendants-Appellees.*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case.

These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

**Plaintiff / Appellant:**   Eric. L. Ellis

**Plaintiff / Appellant's
Trial Attorneys:**   PRO SE, ERIC LAMAR ELLIS

**Defendant / Appellee:**   Cargill Meat Solutions

**Defendant / Appellee's
Trial Attorneys:**   Samantha Rollins Murphy
Kristen L. Perry

i

Terran C. Chambers
FAEGRE DRINKER, BIDDLE & REATH LLP

**Defendant / Appellee's
Appellate Attorneys:**    Samantha Rollins Murphy
Kristen L. Perry
FAEGRE DRINKER, BIDDLE & REATH LLP

**Defendant / Appellee:**    UKG (ULTIMATE KRONOS GROUP)

**Defendant/ Appellee
Trial Attorneys:**    Sonila Themeli
SHOOK, HARDY & BACON, L.L.P.

**Defendant / Appellee
Appellate Attorneys**    Ryan S. Killian
SHOOK, HARDY & BACON, L.L.P.

*/s/ Samantha Rollins Murphy*
Samantha Rollins Murphy

DMS_US.365254690.6

# STATEMENT REGARDING ORAL ARGUMENT

The facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.  Fed. R. App. P. 34(a)(2)(C).  Accordingly, Cargill Meat Solutions ("Cargill") does not believe oral argument is necessary.

iii

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ..................................iii

TABLE OF CONTENTS ........................................................iv

INDEX OF AUTHORITIES ....................................................vi

JURISDICTIONAL STATEMENT ..............................................ix

STATEMENT OF the ISSUES PRESENTED FOR REVIEW ..............xi

    Issue One .................................................................xi

    Issue Two ................................................................xi

    Issue Three ..............................................................xi

    Issue Four ...............................................................xi

STATEMENT OF THE CASE .................................................2

    A.   The Parties. ...........................................................2

    B.   Proceedings Below....................................................2

        a.   Initial Complaints and Consolidation of Actions Against Cargill. ...................................2

        b.   Ellis Files Second Amended Complaint. .......................5

        c.   Cargill Moves to Dismiss Discrimination Claims under Rule 12(b)(6). .........................7

        d.   District Court Dismisses Ellis's Discrimination Claims under Rule 12(b)(6). ...................8

        e.   Cargill Moves to Dismiss Ellis's FLSA Claim under Rule 12(b)(1). ...........................8

        f.   District Court Grants Cargill's Rule 12(b)(1) Motion to Dismiss. ...........................10

    C.   Ellis's Appeal. .......................................................11

SUMMARY OF THE ARGUMENT .........................................12

ARGUMENT ...................................................................16

I.    Standards of Review........................................................16

II.    The District Court Correctly Dismissed Ellis's Title VII Claims for Failure to State a Plausible Claim for Relief.............18

DMS_US.365254690.6

III.   The District Court Did Not Abuse Its Discretion by
       Consolidating Related Actions. ..................................................... 21

IV.    The District Court Correctly Dismissed Ellis's FLSA Claim
       For Lack of Subject Matter Jurisdiction. ..................................... 22

       1.   The District Court Can Dismiss a Claim for Lack
            of Subject Matter Jurisdiction. .................................... 23

       2.   Cargill's Unconditional Tender Mooted Ellis's
            FLSA Claim. ................................................................. 25

CONCLUSION ...................................................................................... 27

CERTIFICATE OF SERVICE................................................................. 28

CERTIFICATE OF COMPLIANCE ....................................................... 29

DMS_US.365254690.6

# INDEX OF AUTHORITIES

**Cases**                                                             **Page(s)**

*Allen v. Hays,*
    65 F.4th 736 (5th Cir. 2023) ................................................................ 16

*Alvarado v. Tex. Rangers,*
    492 F.3d 605 (5th Cir. 2007) .............................................................. 19

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................ 16

*Barrera-Montenegro v. United States,*
    74 F.3d 657 (5th Cir. 1996) ................................................................ 17

*Chafin v. Chafin,*
    568 U.S. 165 (2013) ............................................................................ 26

*Davis v. Lumpkin,*
    35 F.4th 958 (5th Cir. 2022) .............................................................. 23

*Gentry v. Smith,*
    487 F.2d 571 (5th Cir.1973) ............................................................... 21

*Green v. Polunsky,*
    229 F.3d 486 (5th Cir. 2000) .............................................................. 16

*Hodge v. Engleman,*
    90 F.4th 840 (5th Cir. 2024) .............................................................. 16

*Meador v. Apple, Inc.,*
    911 F.3d 260 (5th Cir. 2018) .............................................................. 16

*Miller v. U.S. Postal Serv.,*
    729 F.2d 1033 (5th Cir. 1984) ............................................................ 22

*Mitchell v. Bailey,*
    982 F.3d 937 (5th Cir. 2020) .............................................................. 24

DMS_US.365254690.6

*Nat'l Ass'n for Advancement of Colored People of Louisiana
v. Michot,*
480 F.2d 547 (5th Cir. 1973) ................................................................ 16

*Payne v. Progressive Fin. Servs. Inc.,*
748 F.3d 605 (5th Cir. 2014) ................................................................ 26

*Ramming v. United States,*
281 F.3d 158 (5th Cir. 2001) ................................................................ 17

*Robinson v. TCI/US West Communications,*
117 F.3d 900 (5th Cir.1997) ................................................................ 17

*Roebuck v. Dothan Sec., Inc.,*
515 Fed. App'x 275 (5th Cir. 2013) ...................................................... 18

*In re Superior Crewboats, Inc.,*
374 F.3d 330 (5th Cir. 2004) ................................................................ 24

*Taylor v. Charter Medical Corporation,*
162 F.3d 827 (5th Cir. 1998) .................................................................. 3

*Theriot v. Parish of Jefferson,*
185 F.3d 477 (5th Cir. 1999) ................................................................ 19

*United States ex rel Johnson v. Raytheon Co.,*
93 F.4th 776 (5th Cir. 2024) ................................................................ 17

*Williams v. Henagan,*
595 F.3d 610 (5th Cir. 2010) ................................................................ 12

## Statutes, Rules & Regulations

42 U.S.C. § 1985(3) ............................................................................... 5

Fed. R. Civ. P. 12(b)(1) ................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................. *passim*

Fed. R. Civ. P. 12(h)(3) ........................................................................ 24

DMS_US.365254690.6

Fed. R. Civ. P. 42(a).............................................................. 13, 16, 21, 22

Tex. Lab. Code § 21.051(1) ........................................................ 5

Tex. Lab. Code § 21.056.............................................................. 6

DMS_US.365254690.6

# JURISDICTIONAL STATEMENT

Pursuant to Fed. R. App. P. 28(b), Cargill submits this Jurisdictional Statement to correct one aspect of Ellis's Jurisdictional Statement.

In his Notice of Appeal, Ellis stated that he was appealing two Orders from the District Court: 1) the District Court's October 31, 2023, Order (ROA.1532-1545) dismissing Counts I-IV and VI-XIV of Ellis's Second Amended Complaint without prejudice; and 2) the District Court's March 15, 2023, Order (ROA.2034-2042) dismissing Count V of Ellis's Second Amended Complaint and dismissing Ellis's case with prejudice. (ROA.2432-2434.) However, in Ellis's brief, he submits argument that the District Court's December 8, 2022, Order (ROA.69) consolidating Civil Action Nos. 4:22-CV-864-Y and 4:22-CV-1020-Y and the District Court's April 12, 2023, Order (ROA.652-654) denying Ellis's motion to sever the cases were improper. (App. Br. at 17-18). Interpreting Ellis's Notice of Appeal and briefing liberally in his favor, Cargill assumes that Ellis also intends to appeal the District Court's December 8, 2022 and April 12, 2023 Orders. *Williams v. Henagan*, 595 F.3d 610, 616 (5th Cir. 2010).

ix

In his Jurisdictional Statement, Ellis states that this Court has jurisdiction over this appeal "because it is an appeal of an interlocutory order and a final order that dismissed all of Plaintiff's claims." (App. Br. at 8.) This is a misstatement of the law.

Pursuant to 28 U.S.C. § 1291, this Court only has "jurisdiction of appeals from all final decisions of the district courts of the United States." The District Court's March 15, 2023, Order terminating the action is a final judgment appealable under 28 U.S.C. § 1291. (ROA.2034-2042, ROA. 2043.) The District Court's December 8, 2022, April 12, 2023, and October 31, 2023, Orders are not final orders. Nonetheless, because Ellis has appealed the final judgment in this action, the non-final orders are regarded as merged into the final judgment, giving this Court jurisdiction to review the non-final orders. *Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1102 (5th Cir. 1983) ("a party may obtain review of prejudicial adverse interlocutory rulings upon his appeal from adverse final judgment, at which time the interlocutory rulings (nonreviewable until then) are regarded as merged into the final judgment terminating the action.") Accordingly, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

DMS_US.365254690.6

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

## Issue One

Whether Ellis can rely on newly asserted allegations not contained in any pleading before the District Court to contend he stated a plausible claim of discrimination under Title VII.

## Issue Two

Whether the District Court abused its discretion by consolidating Ellis's two contemporaneously filed employment-related complaints against Cargill in Civil Actions Nos. 4:22-CV-864-Y and 4:22-CV-1020-Y on its own motion.

## Issue Three

Whether the District Court properly dismissed Ellis's Fair Labor Standards Act ("FLSA") claim for lack of subject matter jurisdiction.

## Issue Four

Whether the District Court erred in finding that Cargill's unconditional tender of all damages that Ellis could recover at trial on his FLSA claim rendered Ellis's FLSA claim moot and deprived the District Court of subject matter jurisdiction.

DMS_US.365254690.6

No. 24-10339

# In the
# United States Court of Appeals
# for the Fifth Circuit

---

ERIC L. ELLIS,
*Plaintiff-Appellant*

v.

CARGILL MEAT SOLUTIONS

AND UKG (ULTIMATE KRONOS GROUP),
*Defendants-Appellees.*

---

## BRIEF OF APPELLEE
## CARGILL MEAT SOLUTIONS

---

TO THE HONORABLE U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT:

DMS_US.365254690.6

# STATEMENT OF THE CASE

## A. The Parties.

Cargill Meat Solutions ("Cargill") manufactures, processes, and distributes cooked food products. (ROA.674.) Ellis was employed by Cargill as a Food Safety Quality Representative. (ROA.663.) Ellis was an hourly employee. (ROA.675.) Ellis is a homosexual black male. (ROA.686.)

## B. Proceedings Below.

### a. Initial Complaints and Consolidation of Actions Against Cargill.

On September 26, 2022, Ellis filed a complaint against Cargill and Ultimate Kronos Group ("UKG") in the United States District Court for the Northern District of Texas (the "District Court"), asserting various wage and hour and contract-related claims arising out of a ransomware attack on Cargill's electronic timekeeping software, Kronos. (ROA.17-32, hereafter "Initial Complaint".) The same day, Ellis filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (ROA.33-37.) On October 5, 2022, the District Court granted Ellis's application to proceed *in forma pauperis*, relieving Ellis of all costs and fees associated with the proceedings. (ROA.42.)

2

On November 16, 2022, Ellis filed a second complaint in the United States District Court for the Northern District of Texas, asserting discrimination-related claims against Cargill. (Case No. 4:22-CV-1020-Y, Dkt. 1.)[1]

On December 8, 2022, after reviewing the pleadings, the District Court consolidated Civil Action Nos. 4:22-CV-864-Y and 4:22-CV-1020-Y. (ROA.69.)

On December 16, 2022, Cargill filed a partial motion to dismiss the Initial Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ROA.371-395.)

On December 19, 2022, Ellis responded to Cargill's partial motion to dismiss (ROA.396-403) and filed a motion for leave to amend his complaint and a draft amended complaint against UKG. (ROA.403-405, 406-431.)

---

[1] While Ellis's complaint in Case No. 4:22-CV-1020-Y is not part of the record on appeal because it pertains to a different court action, this Court may take judicial notice of the complaint for purposes of establishing "the fact of such litigation and related filings." *See Taylor v. Charter Medical Corporation,* 162 F.3d 827, 829 (5th Cir. 1998).

DMS_US.365254690.6

On December 20, 2022, Ellis filed another amended complaint against Cargill, asserting claims arising from the ransomware attack and various discrimination claims against Cargill (essentially, consolidating his claims against Cargill in one complaint). (ROA.432-458, hereafter "Amended Complaint".)

On January 3, 2023, Cargill filed a partial motion to dismiss Counts I through IV and Counts VI through XIV of Ellis's Amended Complaint. (ROA.466-467, 469-496.) On January 25, 2023, Plaintiff responded to Cargill's partial motion to dismiss and moved to sever Civil Action Nos. 4:22-CV-864-Y and 4:22-CV-1020-Y. (ROA.611-614.) On February 9, 2023, Plaintiff filed another response in opposition to Cargill's partial motion to dismiss. (ROA.619-626.)

On April 12, 2023, the District Court issued an order denying Cargill's partial motion to dismiss without prejudice, denying Ellis's motion to sever, and denying Ellis's motion to amend because the draft complaint filed at Docket 26-1 only asserted claims against UKG. (ROA.652-654.) In its Order, the District Court stated that it consolidated Civil Action Nos. 4:22-CV-864-Y and 4:22-CV-1020-Y because of the "related nature of the allegations" and that it was exercising its broad

4

discretion to deny Ellis's motion to sever in "the interests of avoiding prejudice and delay, ensuring judicial economy, and safeguarding principles of fundamental fairness." (ROA.652-653.) The District Court also noted that Ellis's serial filing of complaints, amendments, and motions had left the docket "in disrepair" and gave Ellis "one more opportunity to replead" all of his allegations against both Cargill and UKG within twenty-eight days. (ROA.653-654.)

### b. Ellis Files Second Amended Complaint.

On May 11, 2023, Ellis untimely filed another amended complaint against Cargill and UKG. (ROA.655-706, hereafter "Second Amended Complaint".) Ellis asserted the following claims against Cargill in his Second Amended Complaint: Respondeat Superior (Count I); Race and Sex Discrimination (Count II); Hostile Work Environment (Count III); Intentional Infliction of Emotional Distress (Count IV); Failure to Pay Overtime in Violation of the Fair Labor Standards Act ("FLSA") (Count V); Breach of Contract (Count VI); Breach of the Covenant of Good Faith and Fair Dealing (Count VII); Discrimination (Count VIII); Retaliation (Count IX); Conspiracy to Violate Civil Rights Under 42 U.S.C. § 1985(3) (Count X); Violations of Texas Labor Code § 21.051(1) (Count XI);

DMS_US.365254690.6

Violations of Texas Labor Code § 21.056 (Count XII); Violations of Texas Tort Law (Count XIII); and Intentional Infliction of Emotional Distress (Count XIV). (*Id.*)

Broadly, the factual allegations in Ellis's Second Amended Complaint fell into two buckets: those involving the ransomware attack and those involving his discrimination-related claims.

As to the ransomware attack, Ellis alleged that during his employment with Cargill, Cargill used electronic timekeeping software operated and maintained by Kronos to track hours worked by employees and to process payroll. (ROA.674.) On or about December 11, 2021, Kronos suffered a ransomware attack. (*Id.*) As a result of the attack, Cargill was unable to access Kronos's software and resorted to a variety of other methods to track the hours worked by its employees while unable to access Kronos. (*Id.*) Cargill paid employees for regular hours worked and overtime hours worked during this time period. (*Id.*) Nevertheless, Ellis alleged that, as a result of the Kronos attack, he was deprived of overtime wages. (ROA.677-680.)

As to his discrimination claims, Ellis claimed that he was "subjected" to "a sexually hostile work atmosphere" in that he, as a black

6

homosexual man, "was constantly and repeatedly subjected to sexually explicit remarks, demeaning hateful homosexual remarks, frequent heterosexual sex scenes (from movies and tv shows) that appeared in multiple breakrooms [and] violent vandalism resulting in his constructive discharge from the position." (ROA.660-661.) He further claimed that Cargill's "homosexual employees" generally were the subject of "unnecessary scrutiny," "discipline," and "false accusations of wrongdoing." (ROA.661.)

### c. Cargill Moves to Dismiss Discrimination Claims under Rule 12(b)(6).

On May 24, 2023, Cargill moved to dismiss Counts I through IV and Counts VI through XIV of Ellis's Second Amended Complaint—that is, Ellis's discrimination claims—for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ROA.716-717, 718-742.) Cargill did not move to dismiss Ellis's FLSA claim for unpaid overtime compensation at that time. (*Id.*) On May 25, 2023, UKG also moved to dismiss all of the claims against it in Ellis's Second Amended Complaint. (ROA.743-775.) On May 26, 2023, Ellis filed two responses to Cargill's Motion to Dismiss. (ROA.1027-1030, 1031-1043.)

7

### d. District Court Dismisses Ellis's Discrimination Claims under Rule 12(b)(6).

On October 31, 2023, the District Court granted Cargill and UKG's motions to dismiss in full, leaving Ellis with only a single claim for unpaid overtime compensation under the FLSA (Count V of Ellis's Second Amended Complaint) against Cargill. (ROA.1532-1545.) Specifically, the District Court found Ellis's allegations of sexual orientation discrimination to be "conclusory" and "unsubstantiated" and that Ellis "fail[ed] to plead enough factual content to allow the court to infer" that Cargill was liable for discrimination. (ROA.1536-1538.)

### e. Cargill Moves to Dismiss Ellis's FLSA Claim under Rule 12(b)(1).

On January 26, 2024, Cargill moved to dismiss Count V of Ellis's Second Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (ROA.1728-1729, 1730-1775.) In support of its motion, Cargill submitted evidence that showed Cargill engaged in a reconciliation process to determine what payment it owed Ellis after the Kronos outage was resolved, determined that Ellis was owed $549.46 in overtime compensation, and promptly paid Ellis that amount. (*See* ROA.1734-1735, 1743-1771.) Cargill also submitted

8

evidence that it had unconditionally tendered an *additional* $549.46 to Ellis, reflecting the maximum liquidated damages to which Ellis would be entitled under the FLSA. (ROA.1734-1735, 1772-1775.) Cargill argued that its payment to Ellis of the maximum amount of delayed overtime wages and unconditional tender of an equal amount of liquidated damages constituted complete relief for Ellis's FLSA claim because it fully compensated Ellis for all relief he sought in his Second Amended Complaint and to which he was entitled under the law, and that Ellis no longer had a stake in the outcome of the case, depriving the District Court of subject matter jurisdiction. (ROA.1736-1740.)

On January 29, 2024, Ellis filed his opposition to Cargill's motion to dismiss (ROA.1776-1783), in which he conceded that the "district court can dismiss [a claim] for lack of subject matter jurisdiction." (ROA.1778.) In opposition, Ellis argued that Cargill's unconditional tender had not mooted his claims because it was "impossible" for Cargill to calculate Ellis's unpaid overtime wages and he had not cashed the check Cargill sent him. (ROA.1779-1780.) On February 12, 2024, Cargill filed its reply brief in support of Cargill's Rule 12(b)(1) motion to dismiss. (ROA.1872-1876.)

On March 1, 2024, the District Court issued an Order to Show Cause, ordering Ellis to "submit a sworn declaration with the Court setting forth the specific amount – in dollars – to which he is legally entitled under the FLSA as damages, and why Cargill's unconditional tender [was] insufficient to compensate him in full." (ROA.2028-2029.)

Ellis responded to the Order to Show Cause on March 2, 2024. (ROA.2030-2033.) Ellis's response stated that there was a "bona fide dispute as to the amount of hours worked and/or compensation due" but did not set forth the specific dollar amount to which he believed he was entitled or why he believed Cargill's unconditional tender was insufficient. (*See id.*)

### f. District Court Grants Cargill's Rule 12(b)(1) Motion to Dismiss.

On March 15, 2024, the District Court granted Cargill's Motion to Dismiss Count V of Ellis's Second Amended Complaint for lack of subject matter jurisdiction. (ROA.2034-2042.) Specifically, the District Court found Ellis was only entitled "to actual and liquidated damages under the statute" and "Ellis failed to allege any specific dollar figure to refute Cargill's calculation of his damages" or explain why he believed Cargill's

unconditional tender had not compensated him in full. (ROA.2040-2041.) The District Court concluded that Cargill had fully compensated Ellis for the damages to which he could be entitled under the law, Ellis no longer had a personal stake in the litigation, and there was no further relief the District Court could award Ellis for his sole remaining FLSA claim. (ROA.2041-2042.) Accordingly, the District Court issued a final judgment, dismissing Ellis's case. (ROA.2043.)

## C. Ellis's Appeal.

On April 11, 2024, Ellis filed a Notice of Appeal. (ROA.2432-2434.) In his Notice of Appeal, Ellis stated that he was appealing two orders: 1) the District Court's October 31, 2023, Order (ROA.1532-1545) dismissing Counts I-IV and VI-XIV (discrimination claims) of Ellis's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim of relief; and 2) the District Court's March 15, 2023, Order (ROA.2034-2042) dismissing Count V (FLSA claim) of Ellis's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (ROA.2432-2434.)

While not referenced in Ellis's Notice of Appeal, in his briefing, Ellis also challenges the District Court's December 8, 2022, Order (ROA.69),

consolidating Civil Action Nos. 4:22-CV-864-Y and 4:22-CV-1020-Y and the District Court's April 12, 2023, Order (ROA.652-654) denying Ellis's motion to sever the cases. (App. Br. at 17-18.) Interpreting Ellis's Notice of Appeal and briefing liberally in his favor, Cargill assumes that Ellis also intends to appeal the District Court's December 8, 2022 and April 12, 2023 Orders. *Williams*, 595 F.3d at 616.

## SUMMARY OF THE ARGUMENT

After almost two years in the pleading stage of litigation, 147 docket entries including eight (8) complaints and proposed complaints, a partial dismissal, and a full dismissal, this Court should reject Ellis's latest effort to replead any of his claims against Cargill. In this appeal, Ellis improperly asserts new allegations to support his Second Amended Complaint and makes arguments not previously raised below at the District Court. This Court must reject Ellis's improper attempts to fix the fatal flaws in his Second Amended Complaint. Based on the facts and arguments that were before it, the District Court correctly held that Ellis failed to plead facts to support a plausible claim of discrimination under Title VII, properly consolidated Ellis's employment-related lawsuits against Cargill, and correctly dismissed Ellis's FLSA claim as moot.

12

First, the District Court properly dismissed Ellis's Title VII discrimination claims under Fed. R. Civ. P. 12(b)(6). Ellis now claims, for the first time, that Cargill discriminated against him in violation of Title VII by placing him on an unpaid suspension and terminating his employment. However, Ellis never made these allegations in his Second Amended Complaint. Because Ellis's allegations of suspension and termination were not properly before the District Court when it considered Cargill's partial motion to dismiss his Title VII claims, they are not properly before this Court now. The District Court correctly found the allegations of discrimination actually pleaded in Ellis's Second Amended Complaint were "conclusory" and "unsubstantiated" and properly dismissed Ellis's Title VII discrimination claims for failure to state a plausible claim of relief.

Second, the District Court did not abuse its discretion by consolidating Ellis's lawsuits against Cargill "in the interests of avoiding prejudice and delay, ensuring judicial economy, and safeguarding principles of fundamental fairness." (ROA.652-654.) Pursuant to Fed. R. Civ. P. 42(a), the District Court has broad discretion to consolidate related matters on its own motion. Ellis's consolidated lawsuits both

involved employment-related claims against the same defendant, Cargill.
The District Court did not abuse its discretion by consolidating these
related matters, and Ellis suffered no prejudice from the consolidation.

Third, the District Court correctly dismissed Ellis's FLSA claim for
lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). While
Ellis now questions the District Court's authority to dismiss a claim for
lack of subject matter jurisdiction in his Statement of the Issues, he does
not submit any argument on this issue, and in his opposition to Cargill's
Rule 12(b)(1) motion, Ellis expressly conceded that the District Court *had*
jurisdiction to dismiss a claim for lack of subject matter jurisdiction.
Accordingly, Ellis has abandoned the issue and should be judicially
estopped from making a contradictory argument now. Ellis's argument
also fails on the merits because the District Court's authority to dismiss
a claim for lack of subject matter jurisdiction is well established in the
law.

Ellis also tries and fails to attack the District Court's dismissal of
his FLSA claim on three other grounds: 1) he "disputes" Cargill's
calculation of what he is owed for overtime pay; 2) he claims the
unconditional tender did not compensate him for attorney's fees or costs;

14

and 3) he argues he never accepted Cargill's unconditional tender. None of these arguments are successful. First, despite the District Court's explicit order for Ellis to come forward with facts indicating that Cargill's calculation of his overtime wages was incorrect, Ellis has failed to come forward with _any_ facts supporting his conclusory claim that his overtime compensation is "disputed." Second, since the beginning of this litigation, Ellis has represented himself. As a _pro se_ litigant who was allowed to proceed _in forma pauperis_, Ellis has not incurred any attorney's fees or costs. Therefore, he is not entitled to recover attorney's fees or costs. Third, Ellis's refusal to cash Cargill's check is irrelevant. Cargill has paid Ellis all the damages he would be entitled to if successful at trial on his FLSA claim and has surrendered any legal interest in the contested funds. Accordingly, there is no other relief that the District Court could offer Ellis on his FLSA claim, and the District Court lacks subject matter jurisdiction over his FLSA claim.

The District Court was right to dismiss Ellis's Title VII and FLSA claims and did not abuse its discretion by consolidating Ellis's employment lawsuits against Cargill. This Court should affirm.

# ARGUMENT

## I. STANDARDS OF REVIEW.

This Court reviews the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) *de novo*. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018). A complaint survives a motion to dismiss only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court must accept "all well-pled facts as true" and construe "all reasonable inferences in the complaint in the light most favorable to the plaintiff." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citing *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)). "[C]onclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Id.*

This Court reviews a district court's decision regarding the consolidation of cases for abuse of discretion. *Green v. Polunsky*, 229 F.3d 486, 488 (5th Cir. 2000). Pursuant to Fed. R. Civ. P. 42(a), if actions before a court involve a common question of law or fact, the court may consolidate the actions. The "trial court has broad discretion in determining whether to consolidate a case pending before it." *Nat'l Ass'n*

16

*for Advancement of Colored People of Louisiana v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973).

This Court also reviews the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(1) *de novo. United States ex rel Johnson v. Raytheon Co.*, 93 F.4th 776, 782 (5th Cir. 2024). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A court may base its disposition of a motion to dismiss for lack of subject-matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US West Communications*, 117 F.3d 900, 904 (5th Cir.1997). Under the second basis, which is applicable here, this Court's "review is limited to determining whether the district court's application of the law is correct and, if the decision was based on undisputed facts, whether those facts are indeed undisputed." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

17

II.    THE DISTRICT COURT CORRECTLY DISMISSED ELLIS'S TITLE VII
CLAIMS FOR FAILURE TO STATE A PLAUSIBLE CLAIM FOR RELIEF.

On appeal, Ellis argues that the District Court erred in dismissing

his Title VII claims in his Second Amended Complaint for failure to state

a claim because he suffered retaliation and discrimination when Cargill

placed him on an unpaid suspension and terminated his employment and

because he alleged facts that support a plausible claim of discrimination

under Title VII. (App. Br. at 12-17.) Both arguments fail.

First, Ellis never alleged that Cargill placed him on an unpaid

suspension or that Cargill terminated his employment in his Second

Amended Complaint. (*See generally*, ROA.655-706.) Ellis only alleged

that he was "forced to resign" and "constructively discharged" from

Cargill. (ROA.658, 660-662, 685.) While Ellis argued in his opposition to

Cargill's partial motion to dismiss that Cargill suspended and terminated

him (ROA.1033), the District Court was *only* permitted to consider the

allegations set forth in Ellis's compliant at the motion to dismiss stage.

*Roebuck v. Dothan Sec., Inc.*, 515 Fed. App'x 275, 280 (5th Cir. 2013).

And Ellis's more specific factual allegations in response to Cargill's

motion to dismiss did not supplement the complaint. *Id.* (affirming

18

dismissal of plaintiff's complaint, which only included conclusory allegations of defamation, where plaintiff's brief included more specific factual allegations to support defamation claim).

Because Ellis's allegations of suspension and termination were not properly before the District Court when it considered Cargill's partial motion to dismiss, they are not properly before this Court now. *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999) (stating that appellate court's review is limited to the "facts which were before the district court at the time of the challenged ruling"). Accordingly, this Court must disregard Ellis's new allegations that Cargill suspended him and terminated his employment.

Second, the District Court properly dismissed Ellis's Title VII claims for failure to state a plausible claim for relief of sexual orientation discrimination. (*See* ROA.1536-1540.) To plead a plausible discrimination claim, Ellis must allege (1) he is a member of a protected class, (2) he was qualified for the position he held, (3) he was subject to an adverse employment action, and (4) he was treated less favorably than other similarly situated employees outside of his protected class. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Ellis argues

19

that he stated a plausible claim for relief under Title VII with the following allegations in his Second Amended Complaint:

> Defendant Cargill Meat Solutions maintained a hostile work environment in its Fort Worth, Texas facility wherein homosexual employees were falsely accused of wrongdoing, issued conflicting work orders in repeated attempts to anger and encourage insubordination, subjected to unnecessary scrutiny of his work, and made the target of groundless reprimands with the intent of humiliating the homosexual employee because of his sexual orientation . . . The disparate treatment in the terms and conditions of their employment forced Eric Ellis to resign.

(App. Br. at 16-17; *see also* ROA.661.)

The District Court correctly found these allegations to be "conclusory" and "unsubstantiated." (ROA.1537-1538.) A review of Ellis's Second Amended Complaint confirms that Ellis did not plead any facts to support his claims that "homosexual employees were falsely accused of wrongdoing," "subjected to unnecessary scrutiny," or "made the target of groundless reprimands," nor does he plead any facts that show he was personally subjected to this alleged discriminatory treatment. (*See generally*, ROA.655-706.) Moreover, Ellis failed to plead facts that support his claim that he was subjected to "disparate treatment in the terms and conditions of his employment." (*See id.*; ROA.731-733.) And,

20

while Ellis alleges that he was "forced" to resign, as explained in Cargill's partial motion to dismiss, Ellis fails to plead facts that establish a constructive discharge. (*See* ROA.731-733.) Therefore, the District Court correctly concluded that Ellis failed to plead a plausible claim of discrimination under Title VII (*see* ROA.1536-1540), and this Court should affirm.

### III.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY CONSOLIDATING RELATED ACTIONS.

The District Court was well within its broad discretion under Fed. R. P. 42(a) to consolidate Civil Action Nos. 4:22-CV-864-Y and 4:22-CV-1020-Y "in the interests of avoiding prejudice and delay, ensuring judicial economy, and safeguarding principles of fundamental fairness." (ROA.653); *see also Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir.1973) (stating district court judges are "urged to make good use of Rule 42(a) . . . in order to expedite trial and eliminate unnecessary repetition and confusion"). Ellis baselessly argues that the District Court abused its discretion by consolidating the actions because the district court acted "on its own motion" and because Ellis's FLSA claim was "not related" to his Title VII claims. (App. Br. at 18.) Both arguments fail.

21

First, the law is clear: a district court may invoke Fed. R. Civ. P.

42(a) *sua sponte*. *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th

Cir. 1984). Therefore, the District Court had discretion to consolidate

Ellis's lawsuits on its own motion.

Second, Ellis's separately filed complaints were indeed related. (*See*

ROA.17-32; Case No. 4:22-CV-1020-Y, Dkt. 1.) Both complaints involved

claims by Ellis against Cargill relating to Ellis's employment with

Cargill. Employment-related claims brought under the FLSA and Title

VII are frequently litigated together, and contrary to Ellis's claim, the

District Court was able to "properly address[]" his FLSA and Title VII

claims when they were consolidated in the Second Amended Complaint.

(*See* App. Br. at 18; ROA.1532-1545.) Therefore, Ellis suffered no

prejudice from the consolidation and the District Court's orders

consolidating the cases (ROA.69) and denying Ellis's motion to sever

(ROA.652-654) were proper. This Court should affirm both.

## IV. The District Court Correctly Dismissed Ellis's FLSA Claim For Lack of Subject Matter Jurisdiction.

Ellis opposes the District Court's March 15, 2023, Order

(ROA.2034-2042) dismissing Count V of Ellis's Second Amended

DMS_US.365254690.6

Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on three grounds. First, Ellis questions the District Court's authority to dismiss his claim for lack of subject matter jurisdiction. (App. Br. at 9.) Second, Ellis contends that his FLSA claim was not mooted by Cargill's unconditional tender of all damages that Ellis could recover at trial because he did not accept the tender. (*Id.* at 19.) Third, Ellis contends that the tender did not provide him with complete relief because the amount of unpaid overtime he is owed "has always been disputed" and because the tender did not include attorney's fees or costs. (*Id.* at 9-10, 18.)

### 1. The District Court Can Dismiss a Claim for Lack of Subject Matter Jurisdiction.

In his Statement of the Issues, Ellis questions how the District Court could "lack subject matter jurisdiction while exercising full jurisdiction by dismissing Ellis's claims with prejudice." (App. Br. at 9.) However, Ellis does not submit any argument regarding this issue in his brief. (*See generally*, App. Br.) "Although pro se plaintiffs' briefing is construed liberally, if a pro se plaintiff fails to argue claims in the body of his brief, those claims are considered abandoned". *See Davis v.*

23

*Lumpkin*, 35 F.4th 958, 963 n.1 (5th Cir. 2022). Accordingly, this Court should consider the issue abandoned.[2]

Even if not abandoned, Ellis's argument fails on the merits. A district court's authority to dismiss a claim for lack of subject matter jurisdiction is well-established in the law. (*See* ROA.1736; ROA.2036); *see also* Fed. R. Civ. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action"). There is no question that the District Court acted within its authority to dismiss Ellis's FLSA claim for lack of subject matter jurisdiction here.[3]

---

[2] Notably, in his opposition to Cargill's Rule 12(b)(1) motion to dismiss, Ellis also expressly conceded that the district court **had** authority to "dismiss [a claim] for lack of subject matter jurisdiction." (*See* ROA.1778). In instances such as this, where a plaintiff assumes an inconsistent position on appeal, this Court may judicially estop the plaintiff from making a contradictory argument. *See In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004) (under the common law doctrine of judicial estoppel, a party is prevented from assuming inconsistent positions in litigation).

[3] To the extent Ellis is arguing that the District Court abused its discretion in dismissing his FLSA claim with prejudice (which is impossible to discern because Ellis did not submit any argument on this issue), the proper remedy is for this Court to affirm the dismissal in part and reverse in part, and to remand to the District Court with instructions to dismiss Ellis's FLSA claim without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

24

##### 2. Cargill's Unconditional Tender Mooted Ellis's FLSA Claim.

At the District Court and now, Ellis contends that the amount of unpaid overtime he is owed is "disputed," but he has failed to come forward with any facts demonstrating a dispute. (*See* ROA.2030-2033; App. Br. at 18.) In its Order to Show Cause, District Court expressly ordered Ellis to explain why Cargill's unconditional tender was insufficient, and he failed to do so. (*See* ROA.2028-2029, 2030-2033.) Without any facts to rebut Cargill's "factual attack" on the District Court's subject matter jurisdiction, Ellis cannot meet his burden to establish subject matter jurisdiction. (*See* ROA.1874-1875.)

On appeal, Ellis has also contended that Cargill's unconditional tender was insufficient because it did not include attorney's fees or costs. (App. Br. at 9-10, 18.) Notably, Ellis did not make this argument at the lower court. (*See* ROA.1776-1783, 2030-2033.) But, as explained in Cargill's briefing on the Rule 12(b)(1) motion to dismiss and the District Court's Order granting Cargill's motion, Ellis is not entitled to recover attorney's fees or costs because he has no attorney and was permitted to proceed *in forma pauperis*. (*See* ROA.1736-1739; ROA.2040; *see also* ROA.33-37, ROA.42.) Therefore, Cargill's payment to Ellis for the

25

maximum amount of his delayed overtime wages and unconditional tender of an equal amount of liquidated damages constitutes complete relief for Ellis's FLSA claim because it fully compensates Ellis for the relief he prayed for in his Second Amended Complaint and to which he is entitled under the law. (*See* ROA.1736-1739.)

Lastly, Ellis argues that Cargill's unconditional tender did not moot his FLSA claim because he has refused to accept the tender. (*See* App. Br. at 19.) This argument fails too. As explained in Cargill's reply brief in support of its Rule 12(b)(1) motion to dismiss, Ellis's decision not to cash Cargill's check is irrelevant. (ROA.1873-1874.) "[A] case must be dismissed as moot 'if an intervening circumstance . . . makes it impossible for the court to [give] any effectual relief [] to the prevailing party.'" (ROA.2039) (citing *Payne v. Progressive Fin. Servs. Inc.*, 748 F.3d 605, 607 (5th Cir. 2014); *Chafin v. Chafin*, 568 U.S. 165, 171–72 (2013)). "[W]hile Ellis may claim that he refuses [Cargill's tender], he is now in possession of everything that would make him whole because Cargill has surrendered any legal interest in the contested funds." (ROA.2041; *see also* ROA.1873-1874.) Accordingly, there is no further relief for the District Court to award Ellis under the FLSA, and the District Court's

26

dismissal of Ellis's FLSA claim for lack of subject matter jurisdiction should be affirmed.

## CONCLUSION

For the aforementioned reasons, this Court should affirm the District's Court's Orders consolidating Ellis's discrimination and FLSA lawsuits against Cargill (ROA.69, 652-654), dismissing Ellis's Title VII claims pursuant to Fed. R. Civ. P. 12(b)(6) (ROA.1532-1545), and dismissing Ellis's FLSA claim pursuant to Fed. R. Civ. P. 12(b)(1) and this action. (ROA.2034-2042, 2043.)

Respectfully submitted,


*/s/ Samantha Rollins Murphy*
Samantha Rollins Murphy
MN State Bar No. 0400609
Kristen L. Perry
TX State Bar No. 24090015

FAEGRE DRINKER, BIDDLE & REATH LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
samantha.rollinsmurphy@faegredrinker.com
kristen.perry@faegredrinker.com
(612) 766-7000
(612) 766-1600 – Facsimile

COUNSEL FOR DEFENDANT-APPELLEE
CARGILL MEAT SOLUTIONS

DMS_US.365254690.6

# CERTIFICATE OF SERVICE

I certify that on August 9, 2024, the foregoing document was served, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/, upon the following registered CM/ECF users:

> EricLamarEllis@gmail.com
>
> PLAINTIFF-APPELLANT
>
> Ryan S. Killian
>
> Shook, Hardy & Bacon, L.L.P.
>
> COUNSEL FOR DEFENDANT-APPELLEE UKG

Counsel also certifies that on August 9, 2024, the foregoing instrument was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, in the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/.

Counsel further certifies that 1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; 2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1: and 3) the document has been scanned with Windows Defender Antivirus / Antispyware Definition Version 1.257.1417.0 and is free of viruses.

*/s/ Samantha Rollins Murphy*
Samantha Rollins Murphy

DMS_US.365254690.6

# CERTIFICATE OF COMPLIANCE

### With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because it contains 5209 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word for Windows, version 2016 in Century font 14-point typeface.

*/s/ Samantha Rollins Murphy*
Samantha Rollins Murphy

COUNSEL FOR DEFENDANT-APPELLEE
CARGILL MEAT SOLUTIONS

Dated: August 9, 2024

DMS_US.365254690.6