IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

ERIC L. ELLIS,

Plaintiff – Appellant,

v.

CARGILL MEAT SOLUTIONS; ULTIMATE KRONOS GROUP,

Defendants – Appellees.

---

Appeal from the United States District Court for the Northern District of
Texas

---

REPLY BRIEF OF PLAINTIFF-APPELLANT Eric Ellis

---

APPEAL NUMBER No. 24-10339

Appeal from the United States District Court

for the Northern District of Texas

Case No. 4:22-CV- 00864

## TABLE OF CONTENTS

Table of Contents...................................................................2

Table of Authorities.................................................................3

Introduction...........................................................................4

Argument ............................................................................5

Plaintiff's motion to amend and his proposed amended complaint was

dismissed as moot.........................................................5

Appellant did not waive nor forfeit any argument................................7

Cargill's unconditional tender did not moot Plaintiff's FLSA claim..........9

The actions did not involve common questions of law and fact.................10

 Conclusion ...............................................................................12

Certificate of Service ..................................................................13

Certificate of Compliance.............................................................14

## TABLE OF AUTHORITIES

Cases

Ramming, 281 F.3d at 161 ..... Page 5

Warnock v. Pecos Cnty., Tex., 88 F.3d 341, 343 (5th Cir. 1996) ..... Page 5

Lynn's Food Stores, Inc. v. United States........ Page 5

Martin v. Spring Break '83 Productions, L.L.C........ Page 6

Powell v. McCormack, 395 U.S. 486, 496 (1969).................. Page 6

United States v. Cotton, 535 U.S. 625, 630 (2002)..........Page 7

Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971)...Page 10

United States v. Ballis, 28 F.3d 1399, 1408 (5th Cir. 1994)............. Page 11

# INTRODUCTION

The Court granted Cargill's motion (doc. [122]) and dismissed this case with prejudice. Ellis's motion in limine (doc. [106]); Ellis's motion for a certificate of appealability (doc. [110]); Ellis's application and motion for default and default judgment (doc. [111]); Ellis's motion for judgment (doc. [113]); and Ellis's motion to amend or correct his pleadings (doc. [126]) were DENIED as moot.  (See record document 137). The court then proceeded to enter a final judgment pursuant to Federal Rule of Civil Procedure 58. (See record document 138) Early in the case the district abused its discretion by denying Ellis's motion to sever and amend (rec doc 26) forcing the Plaintiff to consolidate the different suits. (See record doc 51) But since this case was dismissed by the granting of a 12(b)(1) dismissal, Ellis was not required to brief the merits as the court failed to adjudicate the case on the merits. The court lacked jurisdiction so the Appellant held no burden to brief arguments on claims that weren't able to be heard by the court due to the courts alleged lack of jurisdiction.

## ARGUMENT

## I. DISMISSAL WITHOUT PREJUDICE

A court's dismissal of a case resulting from a lack of subject matter jurisdiction is "not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." Ramming, 281 F.3d at 161. Accordingly, such a dismissal should be made without prejudice. See Fed. R. Civ. P. 41(b); see also Warnock v. Pecos Cnty., Tex., 88 F.3d 341, 343 (5th Cir. 1996) (vacating the district court's "judgment of dismissal, revers[ing] in part and remand[ing] with instructions" to dismiss without prejudice). The district court erred when it dismissed claims pursuant to Rule 12(b)(1) with prejudice.

1. The unconditional tender sent by the Defendants was not a settlement and it certainly did not meet any of the required criteria. Therefore, the unconditional tender was unenforceable.

    A. For nearly 30 years, courts and the U.S. Department of Labor (DOL) have instructed parties to seek judicial or DOL approval to effectuate a settlement of claims under the Fair Labor

Standards Act (FLSA). See Lynn's Food Stores, Inc. v. United States, (concluding that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the DOL or judicial approval of a stipulated settlement after an employee has brought a private cause of action). The Fifth Circuit in Martin v. Spring Break '83 Productions, L.L.C., held that parties may privately settle and release wage claims that include a bona fide dispute as to liability. Without judicial or DOL supervision, the unconditional tender was unenforceable.

## II. PLAINTIFF'S MOTION TO AMEND AND HIS PROPOSED AMENDED COMPLAINT WAS DISMISSED AS MOOT.

1. Mootness is a legal doctrine that prevents courts from adjudicating cases or controversies that "are no longer 'live' or [where] the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Plaintiff Eric Ellis did not lack a legally cognizable interest in the outcome based on an unaccepted unconditional tender because it was not a private settlement and it was not supervised by the Department of Labor or the district court.

## III. APPELLANT DID NOT WAIVE NOR FORFEIT ANY ARGUMENT

2. Because the defendants and the court claimed that the court lacked subject matter jurisdiction the court had no power to hear the merits of the case, as such Ellis's arguments was never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002).

3. The parties must first solve the jurisdictional issues before proceeding to discussing the merits even on appeal. Since the Defendants claimed the court lacked jurisdiction at the dismissal, there was no need for the Plaintiff to delve deep in the merits.

4. The order from October 2023 that dismissed Ellis's claims without prejudice was an interlocutory order which is a temporary dismissal. This case should be remanded back to court and the plaintiff's last motion to amend complaint should be granted because the district court's dismissal with prejudice order is void and unenforceable.

5. Needless to say, Ellis had Standing to bring his claims against UKG because his injury was redressable and he clearly opted out and or never joined the class action suit that was pending. There was no need for the plaintiff to contact UKG to opt out of a class action that he never joined, especially because his lawsuit was filed while that class action was still pending resolution. Ellis's actions constituted an

"opt out". UKG's theory is that Ellis was automatically apart of the pending class action even though he clearly filed his own lawsuit against UKG without a co-plaintiff.

## IIII. APPELLANT'S PROPOSED AMENDED COMPLAINT IS PLAUSIBLE ON ITS FACE.

Ellis properly fixed all the issues the Defendants were concerned about in his latest proposed amended complaint. The 12(b)(1) motion was only granted to prejudice the Plaintiff depriving him of his right to be fully heard on the merits. The denial of Ellis's motion to sever aided in this deprivation. As Defendant UKG stated in its first motion to dismiss, "UKG IS NOT ELLIS'S EMPLOYER". Ellis's amended complaints is consolidated but the facts, claims, causes of action and jurisdictional statements are separated to clear up all confusion.

## V. CARGILL'S UNCONDITIONAL TENDER DID NOT MOOT ELLIS'S FLSA CLAIM.

As stated above, the unconditional tender was not agreed on by the parties nor was it supervised by the court or the Department of Labor. The district court abused discretion accepting the random mailing of a check as a settlement when the plaintiff clearly objected the check.

## VI. DENIAL OF ELLIS'S MOTION TO SEVER WAS AN ABUSE OF DISCRETION

Plaintiff-Appellant's Title VII sex discrimination claims against Cargill Meat Solutions are extremely sensitive and not related to the data breach caused by Defendant UKG. Rule 42 (a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

## VII. THE ACTIONS DID NOT INVOLVE COMMON QUESTIONS OF LAW AND FACT

The claims against Cargill Meat Solutions and Defendant UKG do not involve common questions of law or fact because Defendant UKG is not Ellis's employer and UKG did not subject Ellis to sex based discrimination. Ellis was prejudiced with the task of drafting a plausible consolidated complaint filled with unlike claims, facts and questions of law.

Fed.R.Civ.P. 42(a). The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).

The consolidation and the denial of Ellis's motion to sever deprived Ellis of his right to be fully heard. As such, no justice was provided to the Plaintiff in this case. Common questions of law and fact did not exist between the defendants in this case. First, Plaintiff only allege violations of Title VII for sex discrimination against Defendant Cargill Meat Solutions. Second, the causes of action arise from the separate factual situations; namely, the

circumstances surrounding the UKG ransomware attack and the sex

discrimination and resulting in the constructive discharge of the Plaintiff.

As a result, this case was not appropriate for consolidation.


The district court "will not be reversed without a showing of specific and

compelling prejudice which results in an unfair trial." United States v.

Ballis, 28 F.3d 1399, 1408 (5th Cir. 1994) (citation omitted).

Appellant has shown prejudice which resulted in the unfair adjudication of

this case. In Hall v Hall the Supreme Court held: When one of several cases

consolidated under Rule 42(a) is finally decided, that decision confers upon

the losing party the immediate right to appeal, regardless of whether any of

the other consolidated cases remain pending. Pp. 4–18.

Ellis immediately appealed the dismissal of his Title VII claims in

November 2023 and the Fifth Circuit denied hearing the appeal based on

the fact that the appeal was interlocutory. But given the fact that the cases

had been consolidated under Rule 42(a) Ellis should have been allowed to

successfully appeal the dismissal considering the fact that the District Court

did not specifically grant leave to amend in the dismissal without prejudice

order.

CONCLUSION

This Court should reverse the 12(b)(1) motion to dismiss with prejudice and remand this case to the district court and instruct the court to rule on the Appellant's-Plaintiff's last-filed motion to amend allowing the Plaintiff another chance to clear up all the confusion regarding this claims and causes of actions in this case.

Eric L Ellis

3185075030

EricLamarEllis@gmail.com

8/13/2024

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the Fifth Circuit by using

the appellate CM/ECF system on August 13th, 2024. I certify that all

participants in the case are registered CM/ECF users and that service will

be accomplished by the appellate CM/ECF system.

CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of FED. R. APP. P.

32(A)(7)(B) because: 1. this brief contains 1703 words, excluding the parts

of the brief exempted by FED. R. APP. P. 32(f). 2. This brief also complies

with the typeface requirements of FED. R. APP. P. 32(A)(5) and the type

requirements of FED. R. APP. P. 32(A)(6) because:  this brief has been

prepared in a proportionally spaced typeface using Microsoft Word 2010

with a 14-point font named Georgia.

Eric L Ellis

EricLamarEllis@gmail.com

8/13/2024